IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE J. PRIEST,<br><br>    Plaintiff,<br><br>  v.<br><br>THE GOVERNMENT OF THE STATE OF CALIFORNIA, OF THE COUNTY OF EL DORADO, ET AL,<br><br>    Defendants.<br>_____/ | No. C 05-02717 JSW<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE AND EXTENDING TIME TO EFFECT PROPER SERVICE** |

Now before the Court is the motion filed by Defendants Government of the State of California, Government of the County of El Dorado, Superior Court Judges Phimister, Daniel Proud, District Attorney Gary Lacy, Paul Sutherland, Sheriff Wilkes, Sgt. Hammitt, and Does 1-25 (collectively, "Defendants") to dismiss for lack of proper service and to transfer venue to the Eastern District of California pursuant to 28 U.S.C. § 1404.  Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motion to transfer venue and extends the time for an additional 30 days for Plaintiff to effect proper service on Defendants.[1]

---

[1] In this regard, Defendants' counsel represented at oral argument that service would be properly effectuated by mailing a copy of the summons and complaint to the Attorney General's Office in Sacramento and the County Defendants would accept service by mailing a copy of the summons and complaint to County counsel's office.  Only individual defendant Michael Wilkes, no longer employed by the County, will have to be served individually by a process server.

## BACKGROUND

Plaintiff, proceeding pro se, is a resident of Placerville, California. (*See* Complaint.) Defendants are all residents or current or past employees in the County of El Dorado. (*See* Declaration of Gary Lacy at 1; Declaration of Angela Oliver at 1; Declaration of Jeff Neves at 1; Declaration of Todd Hammitt at 1; Declaration of Paul Sutherland at 1; Declaration of Michael Wilkes at 1; Declaration of Aimee Lamoureaux at 1.)

Plaintiff alleges that he was the subject of a conspiracy to harm him based upon his arrest, the pressing of criminal charges, and ultimately his criminal trial in the El Dorado County Superior Court.[2] All of the actions about which Plaintiff complains took place in El Dorado County, in the Eastern District of California.

## ANALYSIS

**A.   Motion to Transfer Venue.**

Defendants seek to have the Court transfer this action to the Eastern District of California. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party, Defendants bear the burden of showing that the

---

[2] In this regard, the Court takes judicial notice of the documents attached to the Declaration of Franklin G. Gumpert as they are capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201.

2

inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). If the balance of convenience weighs strongly in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *Id.*

There is no dispute that Plaintiffs could have sued Defendants in the Eastern District of California. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances.

### 1.     Plaintiff's Choice of Forum.

The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

Here, Plaintiff is a resident of Placerville, California. Additionally, Plaintiff has filed suit in the Eastern District over the same or similar facts. There is no particular cause of action or allegation giving rise to the claims in the complaint which occurred in this district. The complaint does not allege that acts in this district gave rise to the claims.

Therefore, the Court concludes that Plaintiff's choice of forum, although entitled to some deference, does not weigh against transfer in this matter.

### 2.     Convenience of the Witnesses and Parties.

In addition to considering the Plaintiff's choice of forum, the Court will consider the relative convenience to all the parties involved in the lawsuit of the competing forums when deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508.

The convenience of witnesses is often the most important factor in resolving a motion to transfer. The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974). The Plaintiff and all of the defendants sued in this matter reside in the

3

Eastern District of California. The convenience of the witnesses and parties is best served by transfer to that district.

### 3. Familiarity of the Forum With the Applicable Law.

Because neither party has demonstrated that either forum would be more familiar with the law involved, the Court finds this factor to be neutral.

### 4. Ease of Access to Evidence.

Because all of the events about which Plaintiff complains took place within the Eastern District and all parties and witnesses reside there, it is apparent that the majority of the evidence is located within the Eastern District of California. Therefore, this factor weighs in favor of transfer.

### 5. Relative Congestion.

Because neither party has demonstrated that either forum would be less congested, the Court finds this factor to be neutral.

## B. Motion to Dismiss for Insufficiency of Service.

Proper service has yet to be effectuated on all defendants. Because Plaintiff is appearing pro se and has made good faith attempts at service, the Court will extend the period for Plaintiff to effect proper service on defendants for an additional 30 days. Defendants may renew their motion to dismiss based on insufficiency of service in the Eastern District Court if Plaintiff has failed to remedy the defects in service within 30 days of this Order.

## CONCLUSION

Due to the convenience of the witnesses and the access to evidence, the Court GRANTS Defendants' motion to transfer to the case to the United States District Court for the Eastern District of California. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: February 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE